UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Lauren Caldwell,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 3:16-CV-00258 (JAM) |
| | : | |
| v. | : | |
| | : | |
| **Wesleyan University,** | : | May 13, 2016 |
| | : | |
| Defendant. | : | |

## WESLEYAN UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wesleyan University answers Plaintiff's Complaint (ECF No. 1) dated

February 17, 2016 and asserts affirmative defenses as follows.

## INTRODUCTION

1.      Defendant admits that Plaintiff asserts claims pursuant to Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Title IX of the Education

Amendments of 1972, 20 U.S.C. §§ 1681-1688, the Americans with Disabilities Act ("ADA"),

42 U.S.C. §§ 12101-12213, the Family and Medical Leave Act, 29 U.S.C. § 2617, the

Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.* Defendant denies

the implication that it violated any of these statutes.

## JURISDICTION

2.      Inasmuch as the allegations in paragraph 2 are legal statements of jurisdiction and

contain no factual allegations, no response is required.  To the extent a response is required,

Defendant lacks sufficient information or knowledge to admit or deny the allegations in

paragraph 2, and leaves Plaintiff to her proof.

**PARTIES**

3.     Admitted, upon information and belief.

4.     Denied as to the word "school".  The remaining allegations are admitted.  .

**FACTS**

5.     Defendant admits that Plaintiff began working for Defendant on or around July 2006 as a tenure-track Assistant Professor in the Classical Studies Department. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 5, and leaves Plaintiff to her proof.

6.     Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 6, and leaves Plaintiff to her proof.

7.     Defendant admits that in November of 2012, Plaintiff asked Dean Andrew Curran, the Dean of Arts and Humanities, Plaintiff's Division, to be her mentor.  Defendant admits that Dean Curran agreed to serve as Plaintiff's mentor.  Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's asking Dean Curran to serve as her mentor was at the suggestion of a colleague and therefore leaves Plaintiff to her proof.

8.     Defendant denies that Dean Curran was or is "an officer of Wesleyan University . . . ." Defendant denies that Dean Curran was or is "among the highest-ranking administrators at Wesleyan." Defendant lacks knowledge or information sufficient to form a belief as to what organizational chart Plaintiff is referring to as it is not attached to her Complaint as an exhibit, and therefore leaves Plaintiff to her proof.

9.     Denied.

10.    Denied.

11.    Denied, except to admit Dean Curran served as Plaintiff's mentor, and that in his

capacity as mentor Dean Curran assisted Plaintiff with her professional responsibilities.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and leaves Plaintiff to her proof.

18.    Defendant denies that Dean Curran engaged in highly inappropriate and harassing conduct. Defendant denies Dean Curran made comments of a sexual nature to Plaintiff. Defendant denies Plaintiff's allegation that she did not make comments of a sexual nature to Dean Curran. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and leaves Plaintiff to her proof.

19.    Defendant admits that, in February 2014, Plaintiff and Dean Curran had a discussion about a search concerning a faculty position in Defendant's College of Letters, but Defendant denies Plaintiff's characterization of that discussion. Defendant admits that Dean Curran sent an email to Plaintiff subsequent to the discussion, but denies Plaintiff's characterization of the email. The document speaks for itself. As to the remainder of paragraph 19, denied.

20.    Defendant admits it maintains a policy on Title IX, Discrimination and Harassment, but denies Plaintiff's characterization of the policy. The document speaks for itself. As to the remainder of the allegations in paragraph 20, denied.

21.    Denied, except to admit that, in a telephone conversation, Plaintiff told Dean

Curran that she might speak to a senior colleague.

22.    Defendant admits that, on February 10, 2014, Dean Curran sent an e-mail to Plaintiff.  Defendant denies Plaintiff's characterization of that e-mail. The document speaks for itself. Defendant admits that Dean Jacobsen e-mailed Plaintiff on February 11, 2014, but Defendant denies Plaintiff's characterization of that e-mail.  The document speaks for itself. As to the remainder of the allegations in paragraph 22, denied.

23.    Defendant admits that Joyce Jacobsen is currently Provost and Vice President for Academic Affairs. Defendant denies that Plaintiff's characterization of Interim Provost Jacobsen's job responsibilities is complete or accurate. Defendant lacks knowledge or information sufficient to form a belief as to what organizational chart Plaintiff is referring to as it is not attached to her complaint as an exhibit, and therefore leaves Plaintiff to her proof. As to the remainder of the allegations in paragraph 23, denied.

24.    Denied.

25.    Defendant lacks knowledge or information sufficient to form a belief as to whether junior faculty approached Plaintiff about her role as liaison to junior faculty in Division 1 and therefore leaves Plaintiff to her proof. Defendant denies the remaining allegations of paragraph 25.

26.    Denied.

27.    Defendant admits that, on April 7, 2014, Plaintiff sent an e-mail message to Dean Curran.  Defendant denies Plaintiff's characterization of that e-mail.  The document speaks for itself. Defendant admits it maintains a policy on Title IX, Discrimination and Harassment, but denies Plaintiff's characterization of the policy.  The document speaks for itself.

28.    Defendant admits that, on April 8, 2014, Dean Curran sent an e-mail message to

Plaintiff. Defendant denies Plaintiff's characterization of that e-mail. The document speaks for itself. Defendant denies the remaining allegations of paragraph 28.

29.     Defendant admits that Dean Curran sent Plaintiff an email on April 8, 2014. Defendant denies that Plaintiff's characterization of the email. The document speaks for itself. As to the remainder of the allegations in paragraph 29, denied.

30.     Denied.

31.     Denied.

32.     Defendant admits that Plaintiff met with Dean Jacobsen in April 2014. Defendant admits that it maintains a Policy on Title IX, Discrimination and Harassment. Defendant denies Plaintiff's characterization of the Policy. The Policy speaks for itself. Defendant denies the remaining allegations of paragraph 32.

33.     Denied, except to admit Defendant maintains a Policy on Title IX, Discrimination and Harassment.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendant admits that, on April 22, 2014, Plaintiff emailed a letter to Dean Jacobsen, Ruth Weissman, and David Winakor. Defendant denies that Plaintiff intended her April 22, 2014 letter to be a formal complaint. Defendant admits that, on April 22, 2014, Dean Jacobsen forwarded Plaintiff's April 22, 2014 letter to Antonio Farias for investigation because Plaintiff had invoked Title IX as a concern. Defendant denies the remaining allegations in

paragraph 39.

40.     Defendant admits that, on April 22, 2014, Plaintiff emailed a letter to Dean

Jacobsen, Ruth Weissman, and David Winakor, but denies Plaintiff's characterization of the

letter. The document speaks for itself. Defendant denies, however, that Plaintiff was made to fear

for her future professional career at Wesleyan because of an alleged change in Dean Curran's

behavior. As to the remainder of the allegations in paragraph 40, denied.

41.     Defendant admits that Dean Jacobsen emailed Plaintiff.  Defendant denies

Plaintiff's characterization of Dean Jacobsen's e-mail.  The document speaks for itself.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegation "The Plaintiff took this to mean that her complaint about harassment and retaliation

would be taken seriously" and leaves Plaintiff to her proof. As to the remainder of the allegations

in paragraph 41, denied.

42.     Defendant admits that on May 9, 2014, Vice President Farias did not tell Plaintiff

what standard of proof applied to his investigation. Defendant admits that Vice President Farias

did not offer Plaintiff a faculty counselor, but Plaintiff brought a counselor of her choosing to

each of her meetings with Vice President Farias and Plaintiff never requested another counselor.

Defendant admits that it maintains a Policy on Title IX, Discrimination and Harassment.  The

Policy speaks for itself. As to the remainder of the allegations in paragraph 42, denied.

43.     Defendant admits that Vice President Farias said he would investigate Plaintiff's

allegations. As to the remainder of the allegations in paragraph 43, denied.

44.     Defendant admits that Vice President Farias, President Roth, and a faculty

member met on or around May 13. Defendant denies that Plaintiff's characterization of the

meeting. As to the remainder of the allegations in paragraph 44, denied.

45.     Denied, except to admit that Vice President Farias said that the President thinks of himself as a faculty member.

46.     Denied.

47.     Defendant admits that Plaintiff provided Vice President Farias with a narrative. Defendant denies Plaintiff's characterization of the narrative that she provided to Vice President Farias. The document speaks for itself. As to the remainder of the allegations in paragraph 47, denied.

48.     Denied.

49.     Denied.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations "Plaintiff's research was well suited for fellowship and she was a competitive applicant" and leaves Plaintiff to her proof. As to the remainder of the allegations in paragraph 50, denied.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the how Plaintiff may have interpreted Vice President Farias's alleged statement, and leaves Plaintiff to her proof. As to the remainder of the allegations in paragraph 51, denied.

52.     Defendant admits that on or around June 16, 2014, Plaintiff asked her department chair to attend a meeting with the Provost, and that the department chair declined because he did not have any knowledge of the matter to be discussed at the meeting. Defendant lacks knowledge or information sufficient to form a belief as to the alleged email Plaintiff sent to the Provost, as she does not provide a date for the email or attach it as an exhibit, and therefore leaves Plaintiff to her proof. Moreover, any such document speaks for itself. Defendant denies that any "burden" had been left on Plaintiff. Defendant denies the implication that the Provost refused to

assist Plaintiff with an alleged complaint of harassment or discrimination. As to the remainder of the allegations in paragraph 52, denied.

53.     Defendant denies any implication that the Provost disregarded any alleged complaint of harassment or discrimination. Defendant lacks knowledge or information sufficient to form a belief as to whether Dean Curran sent an email on June 4, 2014, concerning the National Humanities Center, and therefore leaves Plaintiff to her proof. As to the remainder of the allegations in paragraph 53, denied.

54.     Denied, except to admit Defendant maintains a Title IX policy, and such policy speaks for itself.

55.     Defendant admits that Vice President Farias emailed Plaintiff on July 8, 2014, but denies Plaintiff's characterization of the email. The document speaks for itself. Defendant admits that Plaintiff emailed Vice President Farias on or about July 9, 2014, but denies Plaintiff's characterization of the email. The document speaks for itself.  As to the remaining allegations in paragraph 55, denied.

56.     Denied, except to admit that Vice President Farias's report includes the quoted language.

57.     Defendant admits that Vice President Farias did not conclude that Dean Curran had sexual harassed or retaliated against Plaintiff. Defendant denies that Plaintiff's characterizations of the report, as it speaks for itself.  As to the remaining allegations in paragraph 57, denied.

58.     Denied, except to admit that Vice President Farias found that Plaintiff had not suffered any of the alleged retaliation.

59.     Defendant admits that Vice President Farias's report made no reference to

Plaintiff's teaching responsibilities in the First-Year Seminar Program.  Defendant denies that Plaintiff's alleged complaint—*i.e.*, her April 22, 2014 letter—made any reference to Plaintiff's teaching responsibilities in the First-Year Seminar Program. As to the remainder of the allegations in paragraph 59, denied.

60.    Denied.

61.    Denied.

62.    Denied, except to admit Sonia Manjon left the University in June 2013.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff showed the report to Asha Rangappa and leaves Plaintiff to her proof. As to the remainder of the allegations in paragraph 66, denied.

67.    Defendant admits that on July 18, 2014, Plaintiff asked to meet with Provost Weissman. Defendant admits that Provost Weissman responded to Plaintiff, but denies Plaintiff's characterization of the response. Defendant admits that it maintains a Policy on Title IX, Discrimination and Harassment, and the Policy speaks for itself. Defendant admits that Vice President Farias emailed Plaintiff, but Defendant denies Plaintiff's characterization of that email. The document speaks for itself.  As to the remainder of the allegations in paragraph 67, denied.

68.    Denied.

69.    Defendant admits that Provost Weissman emailed Plaintiff, but denies Plaintiff's characterization of the email. The document speaks for itself.  As to the remainder of the allegations in paragraph 69, denied.

70.     Defendant admits that Provost Weissman emailed Plaintiff, but denies Plaintiff's characterization of the email.   The document speaks for itself.  As to the remainder of the allegations in paragraph 70, denied.

71.     Defendant admits that Plaintiff's attorney sent a letter to Wesleyan University President Michael Roth on July 30, 2014.  Defendant denies Plaintiff's characterizations of that letter, which speaks for itself. Defendant denies that the letter is attached to the Complaint as Exhibit A. As to the remainder of the allegations in paragraph 71, denied.

72.     Defendant admits that its attorney responded to the July 30, 2014 letter from Plaintiff's attorney. Defendant denies Plaintiff's characterization of the August 12, 2014 letter, which speaks for itself. As to the remainder of the allegations in paragraph 72, denied.

73.     Denied.

74.     Defendant denies that it failed to investigate a complaint of harassment or discrimination. Defendant denies that "university counsel" was intransigent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74, and therefore leaves Plaintiff to her proof.

75.     Defendant denies the allegation that Dean Curran "remained in a position to influence the Plaintiff's career" and the implication that Dean Curran attempted to adversely affect Plaintiff's career. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75, and therefore leaves Plaintiff to her proof.

76.     Defendant denies that it failed to adequately investigate and remedy an alleged complaint of harassment or discrimination. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76, and therefore leaves

Plaintiff to her proof.

77.     Defendant admits that on or about September 22, 2014, Provost Weissman announced that she would be announcing Dean Curran's successor by the end of the year, to start July 1, 2015.  Defendant admits that Plaintiff attempted to consult with Ellen Nerenberg in September 2014, and that Nerenberg was not available to meet with her. As to the remainder of the allegations in paragraph 77, denied.

78.     Denied.

79.     Defendant denies that it interfered with Plaintiff's work performance. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79 and leaves Plaintiff to her proof.

80.     Defendant admits that counsel for the parties exchanged correspondence. Defendant denies that Plaintiff's characterization of such correspondence is accurate or complete.  The documents speak for themselves. As to the remainder of the allegations in paragraph 80, denied.

81.     Defendant denies an "inadequate investigation and absence of remediation." Defendant denies the implication that Dean Curran attempted to adversely affect Plaintiff's Spring 2015 semester teaching schedule. As to the remainder of the allegations in paragraph 81, denied.

82.     Denied.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff will not be able to apply for the Rome Prize again and that she was invited to apply because of her qualifications and leaves Plaintiff to her proof.  The remaining allegations of Paragraph 83 are denied.

84.    Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was able to apply for departmental funds for costs associated with completing her book manuscript and therefore leaves Plaintiff to her proof.  Defendant denies the remaining allegations of paragraph 84.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Defendant denies that there was a retaliatory increase in Plaintiff's workload. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 88 and therefore leaves Plaintiff to her proof.

89.    Denied, except to admit Provost Weissman is a trained clinical psychologist.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation "Plainitff's physician placed her on a medical leave for the spring semester." Defendant denies the remaining allegations of paragraph 90.

91.    Denied, except to admit that on January 4, 2015, Plaintiff called Christopher Parslow, Chair of the Department of Classical Studies and Archaeology Program, and told him she would be taking a leave of absence for the 2015 spring semester, and that on January 5, 2015, Plaintiff spoke with Amy Walsh, Associate Director of Employee Benefits, concerning a proposed leave of absence.

92.    Denied.

93.    Denied, except to admit that pursuant to Defendant's policies, short-term disability leave and Family and Medical Leave Act leave may run concurrently.

94.    Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied, except to admit that Plaintiff's short-term disability leave began on December 18, 2014.

99.     Denied.

100.    Admitted.

101.    Admitted.

102.    Defendant admits that the Provost sent Plaintiff an email on April 9, 2015. Defendant denies Plaintiff's characterization of the email.  The document speaks for itself.  As to the remainder of the allegations in paragraph 102, denied.

103.    Denied.

104.    Defendant is without information or knowledge to form a belief and leaves Plaintiff to her proof.

105.    Defendant is without information or knowledge to form a belief and leaves Plaintiff to her proof.

106.    Denied.

107.    Denied.

108.    Defendant admits that the Provost sent Plaintiff an email on April 27, 2015. Defendant denies Plaintiff's characterization of the email.   The document speaks for itself.  As to the remainder of the allegations in paragraph 108, denied.

109.    Denied, except to admit that on April 27, 2015, Plaintiff visited Defendant's Human Resources office and, without an appointment, asked to speak to Amy Walsh.

110.    Denied, except to admit that in April and May 2015, Plaintiff pursued a complaint with Defendant's Faculty Committee on Rights and Responsibilities ("FCRR"). Defendant further admits that the FCRR is an internal grievance procedure available to Defendant's faculty.

111.    Defendant admits that on April 30, 2015, Plaintiff filed a written complaint with the FCRR, that on May 4, 2015, Mr. Cohan emailed Plaintiff. Defendant denies Plaintiff's characterization of the email. The document speaks for itself.  As to the remainder of the allegations in paragraph 111, denied.

112.    Defendant admits that Mr. Cohan emailed Plaintiff on May 5, 2015. Defendant denies Plaintiff's characterization of the email.   The document speaks for itself.  As to the remainder of the allegations in paragraph 112, denied.

113.    Denied.

114.    Denied.

115.    Defendant admits that on May 8, 2015, Julia Hicks, Director of Human Resources, emailed Plaintiff. Defendant denies Plaintiff's characterization of the email.   The document speaks for itself.  As to the remainder of the allegations in paragraph 115, denied.

116.    Denied, except to admit CIGNA approved Plaintiff's short-term disability claim on May 11, 2015, approving her leave through May 6, 2015.

117.    Denied.

118.    Defendant is without information or knowledge to form a belief and leaves Plaintiff to her proof.

119.    Denied.

120.    Denied.

121.    Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

## Count One – Title VII Discrimination

1-140.   Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count One.

141.   Denied.

142.    Denied.

143.    Denied.

## Count Two – Title VII Retaliation

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Two.

141.    Denied.

142.    Denied.

143.    Denied.

## Count Three – ADA Discrimination

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Three.

141.    Denied.

142.    Denied.

143.    Denied.

## Count Four – ADA Retaliation

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Four.

141.    Denied.

142.    Denied.

143.    Denied.

## Count Five – Title IX Discrimination

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Five.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

## Count Six – Title IX Retaliation

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Six.

141.    Denied.

142.    Denied.

143.    Denied.

## Count Seven – FMLA Interference/Retaliation

1-141.  Defendant hereby incorporates by reference its responses to paragraphs 1-141 above as its responses to paragraphs 1-141 of Plaintiff's Count Seven.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

## Count Eight – CFEPA Discrimination

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Eight.

141.    Denied.

142.    Denied.

143.    Denied.

## Count Nine – CFEPA Retaliation

1-140.  Defendant hereby incorporates by reference its responses to paragraphs 1-140 above as its responses to paragraphs 1-140 of Plaintiff's Count Nine.

141.    Denied.

142.    Denied.

143.    Denied.

Unless expressly admitted herein, Defendant denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or administrative filing periods.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to timely and properly exhaust all necessary administrative, statutory or jurisdictional prerequisites for commencement of this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and harassment, if any, and to comply with the applicable anti-discrimination laws.

### FIFTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, including, but not limited to, establishing a complaint policy and procedure, the substance of which was distributed and made available to all employees, which policy and procedure allows employees to make complaints and to seek appropriate redress. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid her alleged harm.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's remedies are barred to the extent she has failed to

mitigate her damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to exemplary or punitive damages because at no time did Defendant engage in any discriminatory or retaliatory practices with reckless indifference to Plaintiff's rights.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's decisions and actions, or failures to act, if any, respecting Plaintiff and her employment were not discriminatory but were justified by legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

Defendant did not aid, abet, ratify, condone, encourage or acquiesce in any allegedly discriminatory or harassing conduct as alleged by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to the doctrine of *respondeat superior*, Defendant is not liable for the actions of its employees that are outside the scope of their employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, suffering or damages, if any, were caused by her own conduct and not by any legal duty owed by Defendant to Plaintiff.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional defenses as may appear and prove applicable during the course of this action.

WHEREFORE, Defendant respectfully requests that the Court:

1.  Dismiss Plaintiff's Complaint in its entirety;

2.  Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

3.  Award Defendant with reasonable attorney's fees and costs incurred in defending this action; and

4.  Grant such other and further relief as the Court may deem just and proper.


**Respectfully submitted,**

**WESLEYAN UNIVERSITY**


*/s/* Matthew K. Curtin
Patricia E. Reilly (CT08352)
preilly@littler.com
Matthew K. Curtin (CT27765)
mcurtin@littler.com
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
Defendant's Attorney

## CERTIFICATE OF SERVICE

I certify that on May 13, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of his filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Matthew K. Curtin
Matthew K. Curtin (CT27765)

- 22 -